IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

COURTNEY B. WALKER,
    Petitioner,

vs.                                      Case No.: 5:18cv62/MCR/EMT

WARDEN BLACKMON,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner Courtney Walker's ("Walker") petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (ECF No. 1). Respondent filed a response with evidentiary support (ECF No. 6). Walker filed a reply (ECF No. 9).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C). After careful consideration of the issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that Walker is not entitled to relief.

I.       BACKGROUND

Walker does not dispute the factual background set forth in Respondent's Response (*see* ECF no. 6 at 4–5).  On June 17, 2014, Walker was sentenced by the Court of General Sessions in Lexington County, South Carolina ("South Carolina state court") in five criminal cases, Case No. 2014A4010500034 (conspiracy to commit bank fraud), Case No. 2013A4010500336 (conspiracy to commit bank fraud), Case No. 2013A3220500481 (tools/possession, making implements capable of being used in crime), Case No. 2013A3220500479 (conspiracy to commit autobreaking, theft, and bank fraud), and Case No. 2012A3220500198 (larceny/breaking into motor vehicle) (*see* ECF No. 6, Ex. 2, Declaration of Robert Jennings ¶¶ 4–5, Attachs. 2, 3).[1] The sentences were as follows:

>Case No. 2012A3220500198:  time served;

>Case No. 2013A3220500479:  5 years of incarceration;

>Case No. 2013A3220500481:  time served;

>Case No. 2013A4010500336:  5 years of incarceration, with all but time served suspended, and 5 years of probation, to run consecutively to the sentences in Case Nos. 2013A3220500479, 2013A3220500481, and 2012A3220500198;

>Case No. 2014A4010500034:  time served.

---

[1] The case numbers referenced in Mr. Jennings' Declaration are actually identified as "Indictment Numbers" in the state court records attached to Mr. Jennings' Declaration (*see* Jennings Decl., Attach. 2).  This court refers to the actual Case Numbers identified in the state court records.

Case No.: 5:18cv62/MCR/EMT

(*see id.*).

On October 27, 2015, Walker was indicted in the United States District Court for the District of Maryland, Case No. 1:15cr565-ELH-2, for conspiracy to commit bank fraud, bank fraud, and aggravated identity theft (aiding and abetting), in violation of 18 U.S.C. § 1344, 18 U.S.C. § 1349, and 18 U.S.C. §§ 2, 1028A(a)(1). *See* <u>United States v. Walker</u>, Case No. 1:15cr565-ELH-2, Indictment, ECF No. 1 (D. Md. Oct. 27, 2015). On March 8, 2016, Walker was temporarily removed from the South Carolina Department of Corrections into federal custody by the United States Marshals Service ("USMS") on a federal writ of habeas corpus ad prosequendum issued by the district court in the federal criminal case (*see* Jennings Decl. ¶ 6).

On March 1, 2017, Walker completed the service of his South Carolina state sentences (*see* Jennings Decl. ¶ 6, Attach. 5).

On August 3, 2017, the federal district court sentenced Walker, pursuant to a guilty plea to the conspiracy and aggravated identify theft (aiding and abetting) counts (Counts 1 and 11, respectively), to a term of 30 months in the federal Bureau of Prisons ("BOP") on Count 1, and a consecutive terms of 24 months on Count 2, for a total term of 54 months (*see* Jennings Decl. ¶ 7, Attach. 6).

The BOP calculated Walker's federal sentence as commencing on August 3, 2017, the date it was imposed (Jennings Decl. ¶ 9, Attach 1). The BOP did not award Walker any prior custody credit for the period March 8, 2016 to March 1, 2017, because the South Carolina Department of Corrections applied that time toward service of Walker's state sentence (Jennings Decl. ¶ 10, Attach. 1). The BOP awarded Walker prior custody credit for the period March 2, 2017 through August 2, 2017 (Jennings Decl. ¶ 11, Attach. 1).

In Walker's § 2241 petition, he contends he is entitled to prior custody credit on his federal sentence for the period March 8, 2016 (the date he was temporarily removed from the South Carolina Department of Corrections into federal custody pursuant to the writ) to August 3, 2017 (the date of his federal sentencing) (*see* ECF No. 1 at 3, 16–17).

Respondent contends the BOP correctly calculated Walker's federal sentence. Respondent argues Walker received credit on his state sentence for the period March 8, 2016 to March 1, 2017; therefore, he is not entitled to credit on his federal sentence for that period, pursuant to 18 U.S.C. § 3585(b) (*see* ECF No. 6 at 6–8). Additionally, Walker received credit on his federal sentence for the period March 2, 2017 through August 2, 2017 (*see id.*).

In Walker's reply, he requests that the court direct the BOP to "apply a nun pro tunc designation and allow his [federal] sentence to begain [sic] in the State of South Carolina on March 8, 2016" (ECF No. 9 at 1). Walker alleges he made this request to the federal judge who sentenced him, the Honorable Marvin J. Garbis, and Judge Garbis indicated in his order that the BOP "might be in error" if it did not give Walker credit from March 8, 2016 (*see id.* at 2). Apparently Judge Garbis did not go so far as to grant the relief that Walker requested, since Walker requests the same relief from this court.[2]

---

[2] Walker attached a copy of Judge Garbis' order, dated September 26, 2017, to his § 2241 petition (*see* ECF No. 1 at 10–14). Judge Garbis noted that Walker's factual assertions supporting his motion (titled "Nunc Pro-Tunc and Clearification [sic] of Jail Credit of Time Served") were not correctly stated. Judge Garbis then determined that, even if Walker's factual allegations were correct, the court would not have jurisdiction to grant the relief sought. Judge Garbis reasoned:

> At sentencing, the Court expressly stated that the sentence in the instant case was consecutive to the South Carolina sentence. Sentencing Tr. at 37:16–22 (Aug. 3, 2017). The Court did not, at sentencing or in any other context, state that Defendant would receive credit against the instant sentence for time served on the South Carolina sentence. Rather, the Court stated in the sentencing proceedings:
>
> > "The bureau [of Prisons] will determine what to do about the South Carolina time, and there is an administrative process your lawyer can talk about to try and contest what they do. And its fine with me if they give you credit for the—for any time regarding South Carolina. I don't have any objection to that. You should have all the credit you're entitled to."
>
> Sentencing Tr. at 34:7–13 (Aug. 3, 2017)
>
> The Defendant has not established that any promise was made to him that he would receive credit for time served on his South Carolina sentence. The Probation

II.     ANALYSIS

"In regard to the BOP's decisions concerning the award of sentencing credit, the judiciary retains the final authority on matters of constitutionality and statutory construction."  Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (citation omitted).  However, the court's analysis is deferential: if the language of the applicable statutory provision clearly outlines its congressional purpose, an interpreting court and administrative agency "'must give effect to the unambiguously expressed intent of Congress.'"  Id. (quoting Chevron USA Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842–44, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)).  If the statute is silent or ambiguous, however, a reviewing court must defer to an agency's reasonable interpretation unless it is "'arbitrary, capricious, or manifestly contrary to the statute.'"  Id. (quoting Chevron, supra).

Section 3585 of Title 18 provides:

---

Officer and the Court understood that he was entitled to receive credit against the sentence in this case for time served starting March 8, 2016.  If Defendant has not in fact been given credit for time served starting March 8, 2016, the Bureau of Prisons may be in error.  At sentencing, the Defendant was informed that any issue regarding the computation of his sentence had to be presented to the Bureau of Prisons and resolved with that agency or in the court having jurisdiction over Defendant's place of incarceration, currently Marianna, Florida.

(*see* ECF No. 1 at 13–14).

Case No.:  5:18cv62/MCR/EMT

**(a) Commencement of sentence**.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

**(b) Credit for prior custody**.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

    **(1)** as a result of the offense for which the sentence was imposed; or

    **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

<u>that has not been credited against another sentence</u>.

18 U.S.C. § 3585 (emphasis added). The BOP determines whether the defendant should receive credit for time spent in custody before the sentence "commenced," as defined in § 3585. *See* <u>United States v. Wilson</u>, 503 U.S. 329, 334–35 (1992) (BOP determines credit issues, not the district courts). In fact, federal courts do not have authority under § 3585 to order the BOP to credit a prisoner with state time served. *See* <u>United States v. Pineyro</u>, 112 F.3d 43, 45 (2d Cir. 1997).

With respect to the issue of nunc pro tunc designation, 18 U.S.C. § 3621 provides, in relevant part:

**(a) Commitment to custody of Bureau of Prisons**.—A person who has been sentenced to a term of imprisonment pursuant to the provisions of subchapter D of chapter 227 shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624.

**(b) Place of imprisonment**.—The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering—

> **(1)** the resources of the facility contemplated;
>
> **(2)** the nature and circumstances of the offense;
>
> **(3)** the history and characteristics of the prisoner;
>
> **(4)** any statement by the court that imposed the sentence—
>
>> **(A)** concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> **(B)** recommending a type of penal or correctional facility as appropriate; and
>
> **(5)** any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(a), (b).

BOP Program Statement 5880.28 provides:

> A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 U.S.C. § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.
>
> **In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed.**

BOP Program Statement 5880.28, pp. 1–13. When a federal judge orders a federal sentence to run concurrently with a state sentence already imposed, the BOP ordinarily implements such order by designating the state facility as the place to serve the federal sentence. *See* United States v. Hardesty, 958 F.2d 910 (9th Cir. 1992); BOP Program Statement 5160.05, p. 3.

Here, the BOP reasonably interpreted and applied § 3585(a) in determining that Walker's federal sentence commenced on August 3, 2017, the date it was imposed. Additionally, the BOP reasonably applied § 3585(b) in determining that Walker was entitled to credit on his federal sentence for the period March 2, 2017 through August 2, 2017; but that Walker was not entitled to credit for the period March 8, 2016 to March 1, 2017, because Walker was serving, and thus received credit on, his South Carolina state sentence during that time. Because Walker received credit on his state sentence for the period in question, the BOP did not have discretion under § 3585 to

grant credit on Walker's federal sentence for that period. Indeed, § 3585(b) expressly prohibits the BOP from granting credit for that period. *See, e.g.*, Dupree v. Warden, FCI Miami, 606 F. App'x 559, 560 (11th Cir. 2015) (unpublished but recognized as persuasive authority) (affirming district court's ruling that petitioner was not entitled to credit toward his federal sentence for the time he had served in state custody because he had already received credit toward his state sentence); Scruggs v. Adkinson, 423 F. App'x 858, 816 (11th Cir. 2011) (unpublished) (same); Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90 (11th Cir. 2009) (unpublished) (same); Castillo v. Fed. Corr. Inst. of Tallahassee, 163 F. App'x 803, 804 (11th Cir. 2006) (unpublished) (same).

Additionally, with respect to nunc pro tunc designation, at the time of Walker's federal sentencing, he was not in "non federal custody" or serving any other sentence. Furthermore, Walker's federal sentencing judge did not order Walker's federal sentence to run concurrently with any other sentence, nor did he recommend nunc pro tunc designation. Therefore, the BOP's failure to make a nunc pro tunc designation was reasonable.

III.   CONCLUSION

The BOP effectuated the unambiguous language of the relevant federal statutes, and the agency reasonably interpreted any ambiguous language in a manner that was not arbitrary, capricious, or manifestly contrary to federal statutes. Therefore, the BOP's calculation of Walker's federal sentence is entitled to deference.

Accordingly it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

At Pensacola, Florida this 19th day of July 2018.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**